# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. VEGA,<br><br>             Plaintiff,<br><br>   v.<br><br>DANIELS, et al.,<br><br>             Defendants. | CASE NO. 1:07-cv-01193-OWW-WMW (PC)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**I.    Screening Order**

    **A.    Screening Standard**

Plaintiff, Jose A. Vega, ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 16, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534

U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

  **B. Plaintiff's Complaint**

  Plaintiff is a state prisoner, currently housed at Pleasant Valley State Prison ("PVSP") -- where the events at issue in this action allegedly occurred. Plaintiff names the following defendants: Supervising Cook Mrs. S. Daniels ("Mrs. Daniels"); Medical Technical Assistants Brewer ("MTA Brewer") and Harper ("MTA Harper"); Chief Medical Officer F. Igbinoza ("CMO Igbinoza"); and Warden James A. Yates ("Warden Yates").

  In his complaint, Plaintiff alleges that on January 4, 2007, he was working in the kitchen when Mrs. Daniels gave him "incorrect and forceful orders" to cook some potatoes which was "a breach of job security order." (Doc. 1, pg. 3.) Plaintiff followed the order so as not to receive a RVR. However, Plaintiff slipped on the floor and fell, sustaining 2nd to 3rd degree burns on his left forearm, hand, and fingers in the process. Rather than summoning medical assistance, Mrs.

Daniels instructed Plaintiff to stick his left hand and forearm in a bucket of mustard – with which Plaintiff complied. Subsequent to the initial injury, Plaintiff complains of the medical care and treatment that he received for his injuries.

Plaintiff lists thirty-six (36) legal authorities in a page which he has entitled: "Constitutional Violations." Plaintiff follows this list with a semi-chronological rendition of facts -- without delineating which facts he feels show violations of which of his constitutional rights. The Court provides Plaintiff with the following law that appears to apply to his claims. However, the Court is simply unable to ascertain any factual basis for a number of Plaintiff's listed "Constitutional Violations." Further, in that list, several of Plaintiff's attempts at legal citations are woefully incomplete – to wit "Law §76., Law §77, Law §78 CRUEL AND UNUSUAL PUNISHMENT. RIGHTS §10, CRUEL AND UNUSUAL PUNISHMENT MEDICAL CARE COMMON LAW." Cruel and unusual punishment and deliberate indifference to serious medical needs are addressed herein under the standards for Eighth Amendment claims. Beyond that, the Court is at a loss as to what constitutional violations Plaintiff is attempting to allege via the above incomplete citations/claims.

Plaintiff is cautioned that alleging claims that turn out to be frivolous will result in negative consequences. "The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The Court provides Plaintiff with the following law that appears to apply to his claims. However, the Court is simply unable to ascertain any factual basis for a number of Plaintiff's

listed constitutional rights which he alleges were violated. The Court will not guess as to which facts Plaintiff believes show any given constitutional violation(s). It is Plaintiff's duty to correlate his claims for relief with their alleged factual basis. If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

Further, the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff merely states his factual allegations in a semi-chronological rendition of events subsequent to his initial injury. Plaintiff does not specify which actions (or inactions) by any given defendant allegedly caused him to suffer any constitutional

deprivation. Plaintiff must specifically identify which defendant(s) he feels are responsible for every alleged violation of his constitutional rights. Identifiers such as "Defendant(s) Medical Personnel," "the Defendants," "one of Defendants (sic) Registered Nurses," "Custodial Defendants," "Defendants (sic) Custody Staff," "Defendants (sic) Assignment Office," "Defendants (sic) Medical Doctor," "Defendants Medical Clinic," and "Defendant(s)," without surname specificity, are insufficient to link a specific defendant to unconstitutional actions. Further, while Plaintiff lists CMO Igbinoza and Warden Yates as defendants in the caption and on the form complaint, he fails to mention them in his factual allegations, or to otherwise state any factual allegations as to what they did, or did not do, that Plaintiff feels violated his constitutional rights. Thus, CMO Igbinoza and Warden Yates are properly dismissed at this time.

    **C.**    **Claims for Relief**

        **1.** *First Amendment*

Under his list of "Constitutional Violations," Plaintiff lists the First Amendment of the Constitution of the United States. (Doc. 1, pg. 4.)

            *a.*    **Speech**

In determining whether a regulation of a prison restricting freedom of speech rights of a prisoner bears a reasonable relationship to legitimate penological interests, a court is to consider: (1) whether there is a rational connection between the restriction and the legitimate governmental interest used to justify it; (2) whether alternative avenues of exercising the right remain open to the inmate; (3) whether accommodation of the right will have an adverse impact on the guards, other inmates, and prison resources generally; and (4) whether obvious, easy alternatives to the restriction exist. Sisneros v. Nix 884 F.Supp. 1313 (S.D. Iowa 1995) aff'd in part, remanded on other grounds in part, 95 F.3d 749 (8th Cir. 1996). Plaintiff fails to state a cognizable claim as his factual allegations fail to show that his speech was restricted in any way.

            *b.*    **Religion**

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . .

5

." U.S. Const., amend. I.  Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987).  However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'"  Id. (quoting Price v. Johnson, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060 (1948)).  "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests."  Freeman v. Arpaio,125 F.3d 732, 736 (9th Cir. 1997).  Plaintiff fails to state a cognizable claim as he fails to show that he was prohibited from exercising his religious beliefs in any way.

### c. *Retaliation*

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Plaintiff fails to state a cognizable claim as he fails to show that he was subjected to any adverse action as a result of engaging in protected conduct.

### 2. *Eighth Amendment*

Under his list of "Constitutional Violations," Plaintiff lists the Eighth Amendment of the Constitution of the United States.  (Doc. 1, pg. 4.)

### a. *Cruel & Unusual Punishment/Excessive Force*

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates."  Farmer v. Brennan, 511 U.S. 825 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to

6

protect inmates from physical abuse"); see also Vaughan v. Ricketts, 859 F.2d 736, 741 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." Gordon v. Faber, 800 F.Supp. 797, 800 (N.D.Iowa 1992) (citation omitted), *aff'd*, 973 F.2d 686 (8th Cir.1992). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Farmer, 511 U.S. at 834, 114 S.Ct. at 1977 (quoting Rhodes, 452 U.S. at 347). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir.2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). Plaintiff fails to state a cognizable claim as he fails to show that he was subjected to any acts of brutality, violent assault, malicious and/or sadistic use of force, or any other acts that might constitute excessive force.

### b.     *Deliberate Indifference to Serious Medical Needs*

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (*quoting* Estelle, 429 U.S. at 104).

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d

7

1  390, 393-94 (9th Cir.1988).

2      Plaintiff states a cognizable claim against Mrs. Daniels for deliberate indifference to his
3  serious medical need by directing Plaintiff to place his severely burned hand and forearm in a
4  bucket of mustard rather than summoning medical assistance because Mrs. Daniels did not want
5  to get in trouble for ordering Plaintiff to do job activities outside of his job description – which
6  caused Plaintiff to be injured.  (Doc. 1, pg. 7.)

7      Failure of the "Custodial Defendants" to transport Plaintiff to an appointment with the
8  burn specialist at University Medical Center, without more, does not show deliberate indifference
9  to Plaintiff's serious medical need by any named defendant.  (Id., pg. 6.)

10     Plaintiff also argues that he "clearly was denied adequate medical attention. . . ."  (Id.)
11 However, before it can be said that a prisoner's civil rights have been abridged with regard to
12 medical care, however, "the indifference to his medical needs must be substantial.  Mere
13 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
14 Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (*citing* Estelle, 429 U.S. at
15 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).  Claims of merely
16 inadequate medical care are not cognizable.

17     Plaintiff's alleges that on February 3, 2007, due to pain in his left hand from the injury
18 and cold weather, he was seen by MTA's Brewer and Harder who instructed him to submit a
19 medical care request form to be seen by the doctor.  Plaintiff talked with MTA Harder the next
20 day and "was told that he was on the doctor's line (30 days) away. . . ."  (Id., pg.10.)  Plaintiff
21 contends that this shows deliberate indifference.  However, Plaintiff's allegations show that he
22 was receiving pain medication and that his wound was being dressed twice a day such that being
23 told to submit a request to be seen by a doctor and then being advised Plaintiff was on the list to
24 be seen by a physician in 30 days does not show deliberate indifference.  If Plaintiff intends this
25 to show a delay in his medical treatment so as to amount to deliberate indifference to his serious
26 medical condition, he fails to state any factual allegations to show further injury or harm
27 sustained due to the delay.  To establish a claim of deliberate indifference arising from delay, a
28 plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th

Cir.1994) (*per curiam*); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*). Thus, Plaintiff's claims against MTA's Brewer and Harder are not cognizable.

Plaintiff fails to state any allegations to show that defendants CMO Igbinoza and/or Warden Yates were involved in his medical care and treatment. Thus, Plaintiff fails to state a cognizable claim against CMO Igbinoza and/or Warden Yates for deliberate indifference to his serious medical needs.

### 3. *Fourteenth Amendment*

Under his list of "Constitutional Violations," Plaintiff lists the Fourteenth Amendment of the Constitution of the United States. (Doc. 1, pg. 4.)

#### a. Inmate Appeals

It is not clear to the Court, but what Plaintiff might intend to grieve the processing, and reviewing of his 602 inmate appeals related to medical care and treatment of his burns.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,

855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to state a cognizable claim purely for the processing and/or reviewing of his 602 inmate appeals. Plaintiff may be able to state a cognizable claim under the Eight Amendment for deliberate indifference to his serious medical needs against those medical personnel who were involved in reviewing his inmate appeals. If Plaintiff states a cognizable claim against a defendant for deliberate indifference to his serious medical needs, he will also have stated a cognizable claim against defendants with medical training if they reviewed and ruled against Plaintiff in his medical grievances/appeals on that same issue. However, here, as discussed in the preceding section, Plaintiff has only stated a claim for deliberate indifference to his serious medical needs against Mrs. Daniels – who was a supervising cook. Therefore, Plaintiff fails to state a cognizable claim against any defendant with medical training for the processing and/or reviewing of his inmate appeals on medical issues.

Further, since Warden Yates is not a medical professional, the standard is that "[o]nce . . . [he] becomes aware of potential mistreatment, the Eight Amendment does not require him or her to do more than 'review [the prisoner's] complaints and verif[y] with the medical officials that

[the prisoner] was receiving treatment." Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005) (citing Spruill, 372, F.3d at 236). However, Plaintiff fails to state a cognizable claims against Warden Yates as he fails to link Warden Yates to any actions, or inactions, that might have violated Plaintiff's constitutional rights.

### 4. *Unruh Civil Rights*

California's Unruh Civil Rights Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51 (West 2003). Plaintiff has cited no authority for the proposition that a prison is a business establishment, and at least one California District Court has concluded that a prison does not qualify as a business entity under section 51. See Taormina v. California Dept. of Corr., 946 F.Supp. 829, 834 (S.D. Cal. 1996). In addition, the facts set forth in the complaint with respect to the January 4, 2007 incident do not show that Plaintiff was discriminated against. For these reasons, Plaintiff's complaint does not contain a cognizable claim for relief under the Unruh Civil Rights Act.

### 5. *42 U.S.C. § 1981*

42 U.S.C. section 1981 prohibits racial discrimination by private parties and state actors in the making and enforcement of contracts. Pittman v. Oregon, Employment Dept., 509 F.3d 1065, 1067 (9th Cir. 2007) (citations omitted). Plaintiff fails to allege any facts to show that he was discriminated against due to his race in the making and/or enforcement of a contract. Thus, Plaintiff fails to state a cognizable claim under 42 U.S.C. section 1981.

### 6. *42 U.S.C. §2650*

Plaintiff lists 42 U.S.C. §2650 as a statute under which his constitutional rights were violated. However, 42 U.S.C. §2650 does not exist, and the Court was unable to find any mention as to its substantive content within the last 20 years. Thus, Plaintiff is unable to state a cognizable claim under 42 U.S.C. §2650

### 7. *42 U.S.C. §1985(2) and (3)*

Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under section 1985(3), Plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

In interpreting these standards, the Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

Plaintiff alleges claims for relief pursuant to 42 U.S.C. § 1985(2) and (3). The second clause of section 1985(2) proscribes conspiracies for the purpose of impeding the due course of justice in any state, with the intent to deny equal protection of the laws, and section 1985(3) proscribes conspiracies to deny equal protection of the law or equal privileges and immunities.[1] Coverdell v. Dep't. of Soc. and Health Svcs., State of Washington, 834 F.2d 758, 767 (9th Cir. 1987). An allegation of racial or class-based discrimination is required to state a claim for relief under either the second clause of section 1985(2) or section 1985(3). Bretz v. Kelman, 773 F.2d 1026, 1028-1030 (9th Cir. 1985).

Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1985(2) or (3) as he fails to allege any facts to address any of the Gillispie requirements, and fails to show any racial or class-based discrimination.

**8.  *42 U.S.C. §1986***

---

[1] "The first clause of 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith" Bretz v. Kelman, 773 F.2d 1026, 1028 n.3 (9th Cir. 1985) and is not applicable.

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994). Plaintiff may not pursue a claim for relief under 42 U.S.C. § 1986 unless he has first stated a claim for relief under section 1985. McCalden v. California Library Assoc., 955 F.2d 1214, 1223 (9th Cir. 1992). As discussed in the preceding section, Plaintiff's complaint does not state a cognizable claim for relief under section 1985. Accordingly, Plaintiff's complaint fails to state a claim for relief under section 1986.

### 9. *Civil Rights Act of 1866*

Plaintiff lists the Civil Rights Act of 1866 as a basis under which his constitutional rights were violated. However, the Civil Rights Act of 1866 was codified variously as 42 U.S.C. §§ 1982, 1988, 1987, 1991, and 1992. Section 1982 provides that all citizens shall have the same property rights as is enjoyed by white citizens; section 1988 provides for proceedings in vindication of civil rights; section 1987 provides for prosecution of violation of any provisions of section 1990 of Title 42, or of section 5506-5516 and 5518-5532 of the Revised Statutes; section 1991 provides fees for persons appointed to execute process; and section 1992 provides that the President of the United States can direct the judge, marshal, and United States attorney of a district to attend at a time and place designated for a more speedy arrest and trial of persons charged under certain statutes. The Court has reviewed 42 U.S.C. §§ 1982, 1988, 1987, 1991, and 1992 and there is no indication that they provide means for civil enforcement outside of § 1983. Thus, Plaintiff is unable to state a cognizable claim under 42 U.S.C. §§ 1982, 1988, 1987, 1991, and 1992.

### 10. *Civil Rights Act of 1881*

Plaintiff lists the Civil Rights Act of 1881as a basis under which his constitutional rights were violated. However, there is no such act as "the Civil Rights Act of 1881," and the Court was unable to find any mention that any such act has ever existed. Thus, Plaintiff fails and is unable to state a cognizable claim under the Civil Rights Act of 1881.

### 11. *42 U.S.C. §2652*

13

1    Plaintiff lists 42 U.S.C. §2652 as a statute under which his constitutional rights were
2 violated.  However, 42 U.S.C. §2652 provides that a third party who is liable for inflicting injury
3 on a person will be liable to pay/reimburse medical and hospital expenses that have been paid by
4 the Government.  Plaintiff is unable to state a cognizable claim under 42 U.S.C. §2652.

### 12.  *18 U.S.C. §2652*

6    Plaintiff lists 18 U.S.C. §2652 as delineating his constitutional rights which were
7 violated.  However, chapter 120, under which 18 U.S.C. §2652 would be found, no longer exists.
8 Thus, Plaintiff fails and is unable to state a cognizable claim under 18 U.S.C. §2652.

### 13.  *18 U.S.C. §§ 241-247*

10    Plaintiff lists 18 U.S.C. §§ 241-247 as delineating his constitutional rights which were
11 violated.  Section 241 provides criminal punishment for conspiracies against rights secured by
12 the Constitution or laws of the United States; section 242 provides criminal punishment for acts
13 causing a deprivation of rights, privileges, or immunities secured or protected by the Constitution
14 of laws of the United States or to different punishments, pains, or penalties on account of such
15 person being an alien, or by reasons of his color, or race, than are prescribed for the punishment
16 of citizens by anyone acting under color of law; section 243 establishes a fine for anyone who
17 fails to summon a citizen for service as grand or petit juror on account of race, color, or previous
18 condition of servitude; section 244 prohibits discrimination against persons wearing an armed
19 forces uniform; section 245 delineates federally protected activities; section 246 provides a fine
20 and imprisonment for anyone who causes deprivation of employment, position, work,
21 compensation, or any other benefit conferred by Act of Congress for work relief or relief
22 purposes on account of political affiliation, race, color, sex, religion, or national origin; and
23 section 247 provides that (in certain circumstances) whoever intentionally attempts to, or actually
24 defaces, damages or destroys religious real property because of its religious character, or attempts
25 to or actually forcefully, or by threat of force, obstructs any persons in their free exercise of
26 religious beliefs shall be punished.  None of these sections provides basis for Plaintiff to pursue
27 claims of violation of his constitutional rights.

### 14.  *Title 15 §§ 3270, 3271, 3350*

Plaintiff lists sections 3270, 3271, and 3350 of Title 15 as delineating constitutional rights which were violated. However, there are no such sections to Title 15, and the Court is unable to find any evidence that any such sections have ever existed. Thus, Plaintiff fails and is unable to state a cognizable claim thereunder.

### 15. *Title 15 § 3391*

Plaintiff lists section 3391 of Title 15 as delineating constitutional rights which were violated. However, section 3391 of Title 15 addresses natural gas for essential agricultural uses. There is no basis for the Court to apply a code section addressing natural gas for essential agricultural uses to a prisoner's civil rights action. Thus, Plaintiff fails and is unable to state a cognizable claim under section 3391 of Title 15.

### 16. *Violation of State Law Codes and Regulations*

In his complaint, Plaintiff alleges violations of California Penal Code sections 9, 17, 142, 147, 422, and 673.2. Section 9 provides that civil remedies against a defendant are preserved even though that defendant is prosecuted under the California Penal Code; section 17 states the classifications of felonies, misdemeanors, and infractions; section 142 provides for the punishment of an officer who refuses to receive or arrest a person charged with an offense and for the designation of facilities and classes of prisoners by sheriff; section 147 provides for the punishment of an officer who inhumanely or oppressively treats prisoners; section 422 states the elements of threatening to commit a crime and defines one's immediate family for purposes of threats (section "422(a.)" does not exist); and section 673 provides for the punishment of the use of cruel, corporal, or unusual punishments, or treatment impairing health (section "673.2" does not exist).

A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for interring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The court has reviewed Penal Code sections 9, 17, 142, 147, 422, and 673 and there is no indication that civil enforcement of any kind is available to Plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-

1  Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984).
2  Accordingly, Plaintiff fails to state a claim upon which relief may be granted under state law
3  based on the alleged violations of sections 9, 17, 142, 147, 422, and 673 of the California Penal
4  Code.

### 17. *Supervisorial Defendants*

Plaintiff names supervisorial defendants Warden Yates and CMO Igbinoza.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that Warden Yates and/or CMO Igbinoza personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Thus, Plaintiff fails to state a cognizable claim against Warden Yates and CMO Igbinoza.

### 18. *California Worker's Compensation Claims*

"It is fundamental that '... where an administrative remedy is provided by statute, relief

must be sought from the administrative body and this remedy exhausted before the courts will act.' [Citation.]" <u>Okoli v. Lockheed Technical Operations Co.</u> 36 Cal.App.4th 1607, 1612 (1995). The administrative remedy for worker's compensation claims is provided by the California Labor Code. "With limited exceptions, the exclusivity provisions of the workers' compensation statutory scheme bar actions by an employee against an employer seeking redress for injury to an employee. . . ." <u>Leegin Creative Leather Products, Inc. V. Diaz</u> 33 Cal.Rptr.3d 139, 142 (Cal.App.2.Dist., 2005). Orders, findings, decisions, or awards of the Workers' Compensation Appeals Board with respect to workers' compensation may be reviewed only by the courts mentioned in the workers' compensation law. (<u>Loustalot v. Superior Court in and for Kern County</u>, 30 Cal.2d 905 (1947).) California Labor Code section 5955 provides that the California Supreme Court and courts of appeal have "... jurisdiction to review, reverse, correct, or annul any order, rule, decision, or award of the appeals board, or to suspend or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the appeals board in the performance of its duties but a writ of mandate shall lie from the Supreme Court or a court of appeal in all proper cases." In specifying the methods, the legislature has properly exercised its power to control the jurisdiction of the courts with regard to workers' compensation proceedings. <u>Loustalot</u> 30 Cal.2d 905; <u>Greener v. Workers' Comp. Appeals Bd.</u>, 6 Cal.4th 1028 (1993).

Thus, while Plaintiff states a number of facts regarding his application to the workers' compensation carrier and their actions in handling his claim, this Court lacks jurisdiction over any such claims. All such claims are subject to dismissal for lack of jurisdiction.

## II.   **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227

(9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

        b.      Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and

4.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **January 12, 2009**             /s/  **William M. Wunderlich**
                                               UNITED STATES MAGISTRATE JUDGE