# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. VEGA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.   1:07-cv-01193-OWW-MJS (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 29)<br><br>THIRTY-DAY DEADLINE |

## **SCREENING ORDER**

### I.   SCREENING REQUIREMENT

Plaintiff Jose A. Vega, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 16, 2007. (ECF No. 1.) Plaintiff's original complaint was dismissed on January 13, 2009 for failure to state a claim. (ECF No. 15.)  He filed a First Amended Complaint on May 8, 2010. (ECF No. 19.)  On February 10, 2010, Plaintiff was given leave to file a Second Amended Complaint (ECF No. 25), and he did so file on February 24, 2010. (ECF No. 26.)  Plaintiff's Feburary 24, 2010 Second Amended Complaint is currently pending before the Court.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II.   PLAINTIFF'S CLAIMS

Plaintiff is a state prisoner confined in Pleasant Valley State Prison ("PVSP") where the events at issue in this case occurred. Petitioner alleges that at about 5:55 AM on January 4, 2007, he fell into oil on a grill in the prison kitchen and burned his left hand and fingers. (Second Am. Compl. 2-6, ECF No. 26.) Defendant Daniels (also at times referred to in the Second Amended Complaint as "Danielson"), the Staff Supervising Cook, escorted Plaintiff into a walk-in freezer and instructed him to place his hand in a bucket of mustard. Plaintiff followed these instructions and remained standing in the walk-in freezer with his hand in a bucket of mustard for about thirty minutes until Daniels escorted him to "MTA."[1] (Id. at 3.) Two days later, on January 6, 2007, Plaintiff was transported to Fresno Community Hospital Burn Center where he was treated and told to return in two weeks.

---

[1] Though not entirely clear from the record, the Court believes that "MTA" is a Medical Technical Assistant.

-2-

(Id.) Plaintiff continued to suffer hand pain and dysfunction over the next two months, but was never transported back to Fresno Community Hospital and did not see "Doctor Costillo"[2] until March 6, 2007. (Id. at 4-5.) In the interim, Plaintiff returned to the prison medical clinic periodically "in great pain" and requested dressing changes and pain medication. Plaintiff received care from a doctor on January 8 and 17, but was denied care on January 22, February 3, and February 4, 2007. (Id.) He alleges he continues to suffer pain, disfigurement and dysfunction of his left hand. (Id. at 5-6.)

The Second Amended Complaint asserts that Defendant Yates is the Warden and Defendant Igbinoza the Chief Medical Officer at PVSP, and that each is responsible for ensuring the health, safety, and well-being of prisoners under his supervision. Plaintiff further asserts that Daniels and M.T.A. Brewer were responsible for ensuring Plaintiff's safety. (Id. at 2-3.) Plaintiff claims that all Defendants were aware of, but acted in concert and with deliberate indifference to Plaintiff's medical needs and subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. Plaintiff additionally alleges that the Defendants collectively violated his Fourteenth Amendment due process rights. (Id. at 6-7.) Plaintiff seeks to recover compensatory and punitive damages, attorney fees, and costs of this action. (Id. at 8.)

### III. LEGAL ANALYSIS

#### A. As to All Defendants

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

---

[2] It is not clear from the face of the Second Amended Complaint who Doctor Castillo is or where Plaintiff was seen by Doctor Castillo.

-3-

that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987). A plaintiff must show that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability; each defendant is only liable for his own misconduct. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be held liable for the constitutional violations of his subordinates only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.; see also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

In his Second Amended Complaint, Plaintiff alleges that his constitutional rights were violated in various ways, each addressed in turn below.

### B.   Fourteenth Amendment

Plaintiff alleges that the Defendants violated his Fourteenth Amendment due process rights by denying him medical treatment. However, a prisoner's right to adequate medical care is protected by the Eighth Amendment. See Estelle v. Gamble, 4292 U.S. 97, 104-05 (1976) ("[D]eliberate indifference to serious medical needs of prosoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment."). Plaintiff has failed to allege any facts showing that his due process rights were violated; his allegations relate solely to the medical care he was afforded. Whether his Eighth Amendment rights were violated by the care he received is discussed below. The Court finds that Plaintiff has failed to state a claim for violation of his Fourteenth Amendment due process rights.

### C.   Supervisory Liability

Although Plaintiff alleges that all the Defendants were aware of and participated in the denial of his constitutional rights, he does not specify the factual basis supporting this

-4-

claim. As to Defendants Yates and Igbinoza, Plaintiff alleges no facts that would suggest either played a direct role in or even had any knowledge whatsoever of any of the matters of which Plaintiff complains. There is no basis upon which it could be concluded that either of these two Defendants knowingly disregarded an excessive risk to Plaintiff's serious health issues. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). Absent some personal involvement in denying or disregarding Plaintiff's serious medical needs, these Defendants may not be held liable under section 1983. Iqbal, 129 S.Ct. at 1948-49.

The mere fact that Defendants Yates and Iginoza were supervisors of medical care personnel at PVSP cannot support a claim under section 1983. As noted, defendants cannot be held liable for the wrongdoing of subordinates based merely on their position of authority. Taylor, 880 F.2d at 1045. It must be alleged that they knowingly participated in the denial of Plaintiff's constitutional rights. Id.

The Court finds that Plaintiff's Second Amended Complaint fails to state a claim against Defendants Yates and Iginoza.

### D.   **Lack of Medical Care**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 834. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled

on other grounds by <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. <u>McGuckin</u>, 974 F.2d at 1060 (citing <u>Shapely v.Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff asserts that Defendants Daniels and MTA Brewer violated his Eighth Amendment rights by denying him adequate medical care. Plaintiff's claims against each of these Defendants will be addressed in turn below.

### 1. Defendant Daniels

As best as can be determined, Plaintiff proceeds against Defendant Daniels because of the manner in which she first responded to his injury. It appears, Plaintiff complains that Daniels violated his constitutional rights when she instructed him to place his burned hand into a tub of mustard for thirty-five minutes before allowing him to seek medical treatment.

Plaintiff's Second Amended Complaint does not state a claim that Daniels acted with deliberate indifference to Plaintiff's serious medical needs. One could certainly question the wisdom of Daniel's initial response to Plaintiff's injury and the approximate thirty-five minute delay in getting him medical treatment. However, Daniels's response did not show indifference; people commonly treat burns with exposure to cold. Although the medium—refrigerated mustard—was peculiar, Daniels's actions suggest concern for Plaintiff's welfare rather than deliberate indifference. There is no fact alleged in the Second Amended Complaint that would suggest that her instructions increased Plaintiff's suffering or otherwise worsened his condition. Additionally, Plaintiff fails to allege that the thirty-five minute delay in obtaining medical treatment for his burned hand led to further harm.

The Court finds that Plaintiff fails to state a claim against Defendant Daniels.

### 2. Defendant Brewer

Plaintiff's Second Amended Complaint does not make any specific allegations

against Defendant Brewer personally.

Even if more were read into Plaintiff's pleading than is there, the most that it might conceivably allege is that Defendant Brewer was a Medical Technician who in some way interfered with Plaintiff's efforts to get the care Plaintiff felt he needed when Plaintiff felt he needed it. Such facts alone would not support a claim that Defendant Brewer acted with deliberate indifference to Plaintiff's serious medical needs. Plaintiff was seen by an MTA within thirty-five minutes of his injury. Two days later, Plaintiff was transported to and treated at Fresno Community Hospital Burn Center. He later requested and received dressing changes and pain medication from a doctor on January 8 and 17. He asserts he requested but was denied treatment on January 22, February 3, and February 4, 2007. He also notes the failure to follow the Fresno Community Hospital physician's direction that he return to the Burn Center in two weeks.

Plaintiff's disagreement with the course of treatment does not support a claim under section 1983. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Moreover, there is simply nothing to support a claim that Defendant Brewer acted with deliberate indifference in denying Plaintiff's requests for more frequent treatment. In short, there are insufficient facts to support a claim that Defendant Brewer knowingly disregarded a substantial risk of harm to Plaintiff's health, Farmer, 511 U.S. 825 at 837, or that Plaintiff suffered any further harm as a result of being denied the care he sought, McGuckin, 974 F.2d at 1060.

The Court finds that Plaintiff fails to state a claim against Defendant Brewer.

### III. CONCLUSION AND ORDER

As explained above, Plaintiff's Second Amended Complaint does not state any cognizable claims for relief under § 1983 for violation of the Eighth or Fourteenth Amendments. However, three factors warrant giving Plaintiff one final opportunity to amend his pleading. First, it is clear that Plaintiff undertook to understand and apply the

pleading guidelines set out in the initial Screening Order and produced a Second Amended Complaint which was much more clear and concise than his original.  Moreover, after issuance of the first screening order in this case, there was a "significant change" in the pleading standard to which a complaint is held.  Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009).  The Court believes Plaintiff should have an additional opportunity to amend his claims under the new pleading standard.

Additionally, although Plaintiff was previously advised that amended pleadings must be complete in and of themselves, in reviewing the record, it appears that Plaintiff alleged facts in the initial Complaint which were not pled in the Second Amended Complaint, specifically facts involving Defendant Daniels.  These facts, if included in a subsequent pleading, may be sufficient to assert a cognizable claim.

Accordingly, the Court will grant Plaintiff one final opportunity to amend.  Moss, 572 F.3d at 972; Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not, however, change the nature of this suit by adding new, unrelated claims in his third amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  His third amended complaint, like his second amended complaint, should be brief, Fed. R. Civ. P. 8(a), but must state precisely what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49.  Plaintiff is again reminded that there is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).  On the other hand, Plaintiff must keep in mind that, as noted, an amended complaint supercedes earlier complaints, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff's third amended complaint should include each and every fact that he believes supports his claims.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's Second Amended Complaint, filed February 24, 2010, is dismissed for failure to state a claim upon which relief may be granted;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a third amended complaint; and

4. If Plaintiff fails to file a third amended complaint in compliance with this order, this action may be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   August 26, 2010         /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE