UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. VEGA,<br><br>          Plaintiff,<br><br>     v.<br><br>JAMES A. YATES, et al.,<br><br>          Defendants.<br>_____/ | CASE NO.   1:07-cv-01193-OWW-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 30)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.     PROCEDURAL HISTORY**

Plaintiff Jose A. Vega ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 16, 2007. (ECF No. 1.)  Plaintiff's original complaint was dismissed on January 13, 2009 for failure to state a claim. (ECF No. 15.)  He filed a First Amended Complaint on May 8, 2010. (ECF No. 19.)  On February 10, 2010, Plaintiff was given leave to file a Second Amended Complaint (ECF No. 25); the Second Amended Complaint was filed February 24, 2010. (ECF No. 26.)  The Second Amended Complaint was dismissed with leave to amend on August 27, 2010. (ECF No. 29.)  Plaintiff filed a Third Amended Complaint on October 5, 2010. (ECF No. 30.)  It is this Third Amended Complaint which is now before the Court.

**II.     SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is a state prisoner confined in Pleasant Valley State Prison ("PVSP") where the events at issue occurred.  Plaintiff alleges that at about 5:50 a.m. on January 4, 2007, he fell into hot oil on a grill in the prison kitchen and burned his left hand and fingers. Defendant Danielson, the Supervising Cook, escorted Plaintiff into a walk-in freezer and instructed him to place his hand in a bucket of mustard.  Plaintiff followed these instructions and remained standing in the walk-in freezer with his hand in a bucket of mustard for about thirty minutes until Defendant Danielson escorted him to the medical clinic.  Two days later, on January 6, 2007, Plaintiff was transported to Fresno Community Hospital Burn Center where he was treated and told to return in two weeks.

On January 8, Plaintiff informed prison staff that he was in pain and that he was supposed to have a follow up appointment at the burn center.  Defendant Castillo, a prison doctor, gave Plaintiff pain medication but failed to set up the follow-up appointment at the burn center.  He also did not do any testing to determine why Plaintiff could not move his

hand properly. Between January 8 and January 17, Plaintiff was in pain and lost function in his hand. On January 17, Plaintiff returned to the medical clinic seeking aid. He was again seen by Defendant Castillo, who, again, did not test Plaintiff's hand to determine the reason for the loss of functionality and informed Plaintiff that he did not see any record for a follow-up appointment to the burn center.

Although not specified by Plaintiff, he appears to be claiming a violation of his Eighth Amendment rights. Plaintiff asserts that Defendant John Doe in medical records failed to schedule Plaintiff's appointment with the burn center, Defendant Danielson failed to seek immediate medical treatment for Plaintiff's injuries, and Defendant Costillo failed to order tests to determine a reason for the dysfunction of Plaintiff's hand and failed to find out about the follow-up appointment.

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff alleges violations of his Eighth Amendment right to adequate medical care. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting

McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242

(9th Cir. 1989).

Plaintiff asserts that Defendants Danielson, Defendant Costillo, and John Doe violated his Eighth Amendment rights by denying him adequate medical care. Plaintiff's claims against each of these Defendants will be addressed in turn below.

### A.  Defendant Danielson

Plaintiff alleges that Defendant Danielson violated his constitutional rights when she instructed him to place his burned hand into a tub of mustard and left him there for thirty-five minutes before allowing him to seek medical treatment. Plaintiff's Third Amended Complaint again fails to state that Danielson acted with deliberate indifference to Plaintiff's serious medical needs. As noted in the Court's August 27, 2010 Screening Order, one could certainly question the wisdom of Danielson's initial response to Plaintiff's injury and the approximate thirty-five minute delay in getting him medical treatment. However, as pleaded, Danielson's response did not show indifference, let alone, deliberate indifference. Also, there is no suggestion that her instructions increased Plaintiff's suffering or otherwise worsened his condition. Additionally, Plaintiff fails to allege that the thirty-five minute delay in obtaining medical treatment for his burned hand led to further harm.

The Court finds that Plaintiff fails to state a claim against Defendant Danielson. The Court notes that the original screening order in this case indicated that Plaintiff had stated a cognizable claim against Defendant Danielson in his original complaint. (ECF No. 15, p. 8.) However, instead of proceeding with that cognizable claim, Plaintiff chose to amend his complaint. In his amended complaints, including the one currently before the Court, Plaintiff failed to allege the facts he had pled in the original complaint with respect to Defendant Danielson, despite having been advised of the option to plead such facts and proceed against Defendant Danielson. The Court can only conclude that Plaintiff made a knowing decision not to so proceed.

As Plaintiff was previously informed, each complaint is complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended

complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. At the present time, the Court is confined to reviewing the allegations in the Third Amended Complaint and finds that the allegations contained therein fail to state a claim against Defendant Danielson.

### B.   Defendant Costillo

Plaintiff alleges that Defendant Costillo violated Plaintiff's constitutional rights by failing to order tests to determine why Plaintiff's hand was not functioning correctly and by not determining whether Plaintiff was supposed to have a follow-up appointment at the burn center.  Plaintiff does not allege that the medical treatment was medically unacceptable under the circumstances.

Plaintiff's Third Amended Complaint fails to allege facts sufficient to show that Defendant Costillo acted with deliberate indifference to Plaintiff's serious medical injury. The pleadings reflect that Defendant Costillo treated Plaintiff every time he saw him and prescribed pain medication.  It appears that Plaintiff simply disagrees with the course of treatment taken by Defendant Costillo; that is insufficient to sustain a claim for a constitutional violation.  For these reasons, Plaintiff has failed to state a claim upon which relief maybe granted against Defendant Costillo.

### C.   Defendant John Doe

Plaintiff alleges that Defendant John Doe failed to schedule a follow-up appointment at the burn center in violation of his right to receive adequate medical treatment. Plaintiff's Third Amended Complaint fails to state a claim against Defendant John Doe. Plaintiff fails to allege that Doe was aware of Plaintiff's serious medical need and was deliberately indifferent to it.  Thus, Plaintiff fails to state a claim upon which relief may be granted against Defendant John Doe.

## V.   CONCLUSION

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants.  Under Rule 15(a) of the

Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has filed three amended complaints and received substantial guidance from the Court twice. (ECF Nos. 15, 19, 26, 29, & 30.) Plaintiff has now filed four Complaints, at least two of which that do not allege sufficient facts to state Section 1983 claim against the named Defendants. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore recommends that further leave to amend not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United State District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(I). Within thirty (30) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  January 13, 2011         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE